**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MILTON ANTHONY MOLINA BLANDON, AKA Milton Antonio Molina, AKA Milton Anthony Ocampo Blandon, | No. 18-72234 |
| Petitioner, | Agency No. A077-096-477 |
| v. | MEMORANDUM<sup>*</sup> |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2021<sup>**</sup>
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and BERZON, Circuit Judges, and ANTOON,*** District Judge.

Milton Anthony Molina Blandon (Molina), a citizen of Nicaragua, petitions for review of the denial of his applications for withholding of removal and protection under the Convention Against Torture (CAT).

"We review for substantial evidence factual findings underlying the denial of a withholding or CAT claim. . . ." *Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019) (citation omitted). Under substantial evidence review, "[t]o reverse [the agency's factual finding], we must find that the evidence not only *supports* that conclusion, but *compels* it." *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (citation omitted) (emphases in the original).

Substantial evidence supports the agency's determination that Molina failed to establish he was subjected to past persecution and thus entitled to a presumption of future persecution. We have held that a single act of violence does not satisfy the "extreme concept" of persecution. *Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir. 2004) (citation omitted); *see also Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003).

---

***     The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Substantial evidence also supports the agency's determination that Molina failed to demonstrate he is more likely than not to be persecuted on account of a protected basis upon his return to Nicaragua. To establish a well-founded fear of future persecution, Molina must point to credible, direct, and specific evidence in the record that would support a "well-founded fear of [future] persecution." *Mansour*, 390 F.3d at 673 (citation omitted). Molina did not satisfy his burden because he produced no evidence that any threats were directed to him personally. *See Sarvia-Quintanilla v. INS*, 767 F.2d 1387, 1394 (9th Cir. 1985), *as amended* (concluding that substantial evidence supported the denial of asylum when petitioner was not directly threatened). Because substantial evidence supports the agency's determinations, we must uphold the agency's denial of asylum and withholding of removal. *See Flores-Vega*, 932 F.3d at 885-86.

Molina does not challenge the denial of CAT relief in his Opening Brief. "We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief. . . ." *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (citation and internal quotation marks omitted); *see also Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

**PETITION DENIED.**